STATE OF NEBRASKA, APPELLEE, V. ONE 1968 VOLKSWAGEN, APPELLANT.

251 N. W. 2d 666

Filed March 16, 1977. No. 40857.

Healey, Healey, Brown & Wieland, for appellant.

Ronald D. Lahners, Robert R. Gibson, and Stephen K. Yungblut, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a proceeding for forfeiture of a 1968 Volkswagen allegedly used for the unlawful transportation of controlled substances. The District Court entered judgment for condemnation and this appeal followed.

The vehicle involved in this condemnation proceeding was owned by James W. Benson, the defendant in State v. Benson, *ante* p. 14, 659 N. W. 2d 251. The facts with respect to the unlawful transportation of controlled substances are set out in that case. Constitutional issues of unlawful detention and search and seizure have been disposed of in State v. Benson, *supra,* and apply equally here.

The defendant's counsel raises two additional issues in this appeal. He challenges the validity of the condemnation action as a taking of property without just compensation and without due process of law, and contends that the vehicle was not accurately or correctly described in the complaint and order.

The action here was taken under the provisions of section 28-4,135, R. R. S. 1943, which provides in part: "(4) When any * * * vehicle * * * is seized * * * the person seizing the same shall within five days thereafter cause to be filed in the district court of the county in which seizure was made a complaint for condemnation of the vehicle seized. * * * The complaint shall describe the conveyance, state the name of the owner if known, allege the essential elements of the violation which is claimed to exist, and shall conclude with a prayer of due process to enforce the forfeiture."

The basis for the forfeiture here was the use of the vehicle for the unlawful transportation of controlled substances. The United States Supreme Court, in passing on a very similar statute, has rejected constitutional challenges like those made here and upheld the validity of such a forfeiture statute. In Calero-Toledo v. Pearson Yacht Leasing Co., 416 U. S. 663, 94 S. Ct. 2080, 40 L. Ed. 2d 452 (1974), the court said: ''Forfeiture of conveyances that have been used — and may be used again — in violation of the narcotics laws fosters the purposes served by the underlying criminal statutes, both by preventing further illicit use of the conveyance and by imposing an economic penalty, thereby rendering illegal behavior unprofitable.'' That case is controlling here. The seizure and forfeiture of vehicles used for the unlawful transportation of controlled substances, carried out under the provisions of section 28-4,135(4), R. R. S. 1943, does not constitute an unconstitutional taking of property without just compensation or without due process of law.

Defendant's counsel also contends that provisions for forfeiture must be strictly construed and that the decree of forfeiture does not accurately and correctly describe the vehicle to be forfeited. The complaint described the vehicle as a 1968 Volkswagen seized by the Nebraska State Patrol near Lincoln on October 16, 1974, and in the custody of the state patrol. The order to the sheriff to seize the vehicle and hold it pending further order of the court described the vehicle as bearing California license YKD 476. The demurrer and answer of James W. Benson refers to the vehicle as bearing California license number YKD 470. The State's reply also describes the vehicle as bearing license YKD 470. The order for condemnation simply referred to the 1968 Volkswagen vehicle ''involved here,'' and the order was approved as to form by counsel.

The statute requires that the complaint describe

the conveyance and state the name of the owner, if known. The only discrepancy in any description involved one order which listed the last digit of the California license as a 6 rather than an 0. That might well have been a typographical error. It would have been preferable to have a more detailed description, including body type and color, plus serial or motor numbers, if available. However, we cannot say that the statute requires a more specific description of the vehicle to be forfeited when there is no actual confusion, the vehicle is in custody, and the owner appears and participates in the hearing. Under the circumstances here the description of the vehicle was sufficient to constitute compliance with the requirements of section 28-4,135(4), R. R. S. 1943.

The judgment is affirmed.

AFFIRMED.